STATE OF MAINE                                        CR-15-02020
KENNEBEC, ss


STATE OF MAINE

v.                                        **ORDER ON MOTION TO SUPPRESS**

STEPHEN BAILEY


Before the Court is Defendant Stephen Bailey's Motion to Suppress statements made to law enforcement on October 28, 2015 in Augusta. He is charged with Aggravated Assault, Domestic Violence Criminal Threatening, and Obstructing Report of a Crime or Injury. The State is represented by Assistant District Attorney Frayla Tarpinian and Mr. Bailey is represented by Attorney Andrew Wright. Hearing on the motion was held on October 3, 2016 and the parties submitted written arguments, the last of which was received by the Court on October 20, 2011.

At the hearing, Augusta Police Officers Gregory McCarthy and Nathan Walker testified. Defense counsel clarified that he was not seeking an order suppressing statements to Officer Walker as the officer's encounter with the Defendant occurred before the events that gave rise to the charges.

Officer McCarthy testified at hearing that law enforcement responded to a report from dispatch that the Defendant was trying to kill his mother. When he arrived at the

1

residence where they both lived, he found the Defendant to be intoxicated and he was slurring his speech. His mother, Lucretia Gianni, had facial injuries and reported that her son had tried to strangle her. During his questioning of the Defendant, Officer McCarthy testified that he "stopped" the Defendant from leaving the residence, and the State then stipulated that the statements made at the residence to Officer McCarthy should be suppressed for use by the State in its case in chief as the Defendant was "in custody" and no *Miranda* warnings had been given. The Defense argues that those statements were also involuntary and should be suppressed for any purpose.

The State submitted at the conclusion of the hearing a booking video which the parties agreed the Court could view at a later date. After some difficulty getting the video to play, the Court was finally able to review it. For reasons set out below, the motion to suppress is granted in part and denied in part.

### *The Booking Video*

After the officers arrested Mr. Bailey at his residence for allegedly assaulting and threatening his mother, he was taken to the Augusta Police Department for booking. Shortly after arriving at the station the Defendant is given *Miranda* warnings. Defendant almost immediately demands an attorney, and he reiterates this demand multiple times, particularly toward the end of the video. The officers continue to process paperwork on the video while the Defendant asks them a number of questions, including wanting to know what his mother told them, and particularly whether she was "pressing charges." The officers tell the Defendant that they were not going to be asking him any questions, and only occasionally respond to requests and questions from the Defendant, for example

2

when he asks to use the bathroom, and to tell him that it was not his mother's decision to make about whether charges would be brought. However, the Court cannot find on this record that the officers were engaging in interrogation of the Defendant or otherwise engaging in conduct that was designed or calculated to elicit statements from him. On the contrary, it is the Defendant who is asking the questions and trying to engage with the officers. He is clearly intoxicated, and at times belligerent, and despite the officers' attempts to get him to stop talking, he persists in asking them questions and demanding information.

The Court concludes that the statements made by the Defendant were spontaneous and not the result of interrogation. They will not be suppressed, even though the statements were made after the Defendant invoked his rights.

With respect to whether the statements at the station were voluntary, it is the State's burden to prove beyond a reasonable doubt that the statements were the product of the "free choice of a rational mind." In determining voluntariness, the Court looks at "both external and internal factors, such as: the details of the interrogation; whether the interrogation was custodial; the recitation of *Miranda* warnings; the number of officers involved; the persistence of the officers; police trickery; threats, promises or inducements made to the defendant; and the defendant's age, physical and mental health, emotional stability, and conduct. " *State v. Sawyer,* 2001 ME 88, ¶9

While the circumstances at the station were clearly custodial, the Defendant did receive *Miranda* warnings. Only two officers were present and the officers could hardly be described as "persistent." On the contrary, they kept telling the Defendant they were not going to ask him any questions after he demanded an attorney. No trickery, promises

3

or inducements of any kind were used. While the Defendant was clearly intoxicated, the Court finds beyond a reasonable doubt that they were the free choice of a rational mind.

### Statements to Officer McCarthy at the Residence

As noted above, the State conceded at hearing that the Defendant was "in custody" for purposes of *Miranda* when he made statements to law enforcement officers at his residence, and that any statements made cannot not be used in the State's case-in-chief. As to whether these statements were voluntary[1] the Court would note that no *Miranda* warnings were given, and the State has conceded that he was "in custody" such that the warnings should have been given. However, no coercive tactics were used, and no threats or trickery were used. While the Defendant was by all reports intoxicated and admitted to having consumed 10 beers he made a number of statements to Officer McCarthy in response to questions. The Defendant argues in his brief that he suffered from emotional and psychological problems, but there is no direct evidence in the record to support this representation.

The Court must consider the totality of the circumstances in deciding the issue of voluntariness, and it is the State's burden to prove beyond a reasonable doubt that they statements were voluntary. By comparison with other situations where statements have been found by courts to be involuntary, the Court concludes that the circumstances of this interrogation were not so coercive that the Defendant lost his capacity to exercise his own free will and rational mind either due to police conduct or as a result of an impairing condition. As with the booking interview, the Defendant felt free enough to offer

---

[1] The State apparently did not understand that a voluntariness argument would be made by the Defendant with respect to the statements Defendant made at his residence as they did not brief the issue.

4

statements about what he felt about his mother and what he had done with little or no coaxing, much less persistence or coercion, from law enforcement.

The Court therefore concludes that the record supports a finding beyond a reasonable doubt that the statements made by the Defendant at his residence were voluntary.

The entry will be: The motion to suppress is granted in part and denied in part. Statements made by the Defendant at his residence were obtained in violation of his *Miranda* rights but they were voluntary beyond a reasonable doubt. They may not be used in the State's case-in-chief. Statements made by the Defendant after *Miranda* warnings in the booking video were made spontaneously by him and not in response to questioning, they were voluntary beyond a reasonable doubt, and may be used for any purpose at trial.

| | |
|---|---|
| 12/30/16 | _____ |
| **DATE** | **SUPERIOR COURT JUSTICE** |

5